**JENNINGS SIGMOND, P.C.**
**James E. Goodley, Esquire (NJ Bar No. 048572013)**
**1835 Market Street, Suite 2800**
**Philadelphia, PA  19103**
**(215) 351-0613**
**FAX: (215) 922-3524**
**E-Mail: jgoodley@jslex.com**
**Attorney for Plaintiffs**

_____

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SUSAN B. GALLAGHER, 2212 Black Bear Drive, East Stroudsburg, PA 18301 | : : : : | CIVIL ACTION NO.: |
| Plaintiff, | : : | |
| v. | : : | |
| VERIZON EMPLOYEE BENEFITS COMMITTEE c/o VERIZON LEGAL DEPARTMENT EMPLOYEE BENEFITS GROUP One Verizon Way Basking Ridge, NJ 07920, | : : : : : : | |
| METROPOLITAN LIFE INSURANCE COMPANY 200 Park Avenue New York, NY 10166, | : : : : : | |
| SEDGWICK CLAIMS MANAGEMENT, INC. 1100 Ridgeway Loop Road, Suite 200 Memphis, TN 38120 | : : : : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendants as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §§ 1132(e) and 28 U.S.C. § 1331.

**VENUE**

2. Venue in this Court is proper under 29 U.S.C. § 1132(e)(2). Defendant Verizon Employee Benefits Committee can be found in and breached its legal duties in this District as detailed herein. Defendants do business and may be found in this District and in the United States, sufficient to create personal jurisdiction in this District.

**PARTIES**

3. Plaintiff Susan B. Gallagher ("Gallagher") is a participant in the ERISA-governed Verizon 553 Plan ("553 Plan") and its component plans, the Verizon Long-Term Disability Plan for Mid-Atlantic Associates ("LTD Plan") and the Verizon Sickness and Accident Disability Plan for Mid-Atlantic Associates ("Sickness Plan"). Plaintiff has a home address at the address listed in the caption.

4. Defendant VERIZON EMPLOYEE BENEFITS COMMITTEE ("VEBC") is the Plan administrator and a fiduciary to the 553 Plan. The 553 Plan in turn incorporates the LTD Plan and the Sickness Plan. VEBC may be found and served with process by serving the Verizon Legal Department, Employee Benefits Group, One Verizon Way, Basking Ridge, New Jersey 07920.

5. Defendant SEDGWICK CLAIMS MANAGEMENT, INC. ("Sedgwick"), is an Illinois corporation with a business office at the address listed in the caption. Sedgwick does business in this District and throughout the United States, sufficient to create personal jurisdiction in this District. Effective January 1, 2018, Sedgwick became the disability insurance provider for the LTD Plan. Under the terms of the Administrative Services Agreement between Verizon Sourcing LLC (an affiliate of Verizon Communications, Inc.) and Sedgwick, Sedgwick

is a named ERISA fiduciary and a plan administrator with respect to the initial claims and appeals filed under the LTD Plan, including with respect to Gallagher's claims herein.

6. Defendant METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") is an insurance company with business headquarters at the address listed in the caption. MetLife does business in this District and throughout the United States, sufficient to create personal.  MetLife was the claims administrator and a plan fiduciary and plan administrator for the LTD Plan with respect to Gallagher's claims herein until December 31, 2017.

## FACTS

Plaintiff Gallagher's LTD History

7. At all times relevant to this action, Gallagher has been a participant in the LTD Plan. The LTD Plan provides for income in the event of qualifying disability.  Eligibility is described in the Summary Plan Description ("SPD"). A copy of the LTD Plan SPD is attached as Exhibit 1.

8. The LTD Plan, together with the Sickness Plan, comprise the 553 Plan.  The Plan Sponsor for the 553 Plan, the LTD Plan and the Sickness Plan is Verizon Communications Inc. ("Verizon").  The Plan Administrator for the 553 Plan, the LTD Plan and Sickness Plan is VEBC.  VEBC also is the plan administrator with respect to Verizon's pension plans. VEBC delegated to MetLife and, subsequently, Sedgwick, all responsibilities for the determination of Gallagher's disability claims.

9. Gallagher started working for Verizon on or about October 30, 1989 in customer service.  Effective October 15, 2013, as a result of disabilities relating to Bells palsy, migranes and other musculoskeletal and psychological conditions, Gallagher received LTD benefits from the LTD Plan.

10. From the beginning of her Verizon career through 2014, Gallagher also was a participant in a Verizon Pension Plan, a qualified plan under section 401(a) of the Internal Revenue Code.

11. In or about June 2014, as allowed under the terms of the Verizon Pension Plan, and as mandated by a Verizon benefits official, Gallagher rolled over her pension assets into a Fidelity IRA.

12. By letter dated June 13, 2017, MetLife for the first time advised Gallagher that her LTD benefits would be reduced to reflect an "offset" of benefits stemming from her 2014 Verizon Pension Plan asset rollover to the Fidelity IRA. In this letter, MetLife informed Gallagher that her benefit under the LTD Plan "is offset by Other income [she] receive[s], or [is] entitled to receive, because of [her] disability."

    (a) MetLife stated that from June 1, 2014, through April 30, 2017, disability benefits were paid to Gallagher in the amount of $418.85 (after accounting for Social Security offset), but should have been reduced by an additional $321.41 per month in pension benefits, leaving only $97.44 per month that she was actually entitled to receive.

    (b) Based on this reasoning, MetLife determined that Gallagher had been overpaid in the amount of $11,249.35 for the period June 2014 through April 2017.

    (c) MetLife failed to provide a basis for its calculation that the pension offset should be $321.41 per month.

13. Ever since, each month Gallagher has received zero net dollars in LTD benefits, factoring in a Social Security offset, a Verizon Pension offset of $321.41, and an "overpayment" recoupment (relating to $11,249.35 from the period June 2014 through April 2017) of the remaining $97.44.

14. On December 19, 2017, Gallagher, through her attorney, filed a timely appeal of MetLife's decision to retroactively offset her LTD benefits and seek reimbursement of the alleged overpayment.

15. By letter dated January 8, 2018, MetLife Disability Appeals denied Gallagher's appeal of the offset of her pension benefits. MetLife acknowledged that Gallagher "elected to have the lump sum Pension benefit rolled over into a trust from which she did not withdraw any funds." MetLife also acknowledged Gallagher's position that the "Pension benefit should not be considered other income" but that MetLife must administer Gallagher's claim "pursuant to the terms of the Plan and consistent with other claims." The Letter cited LTD Plan provisions that income from multiple sources including "payments from the Verizon Pension Plan for Mid-Atlantic Associates or any other Company sponsored Pension Plan from which Ms. Gallagher is entitled to receive benefits' is a reduction to her LTD benefits." The letter states that "[t]he election of a lump-sum distribution from a Pension plan constitutes a payment from the plan to the plan participant regardless of how the participant decides to receive the distribution, including by rolling it over into an account."

16. Through her attorney, Gallagher subsequently filed a timely second (optional) appeal with Sedgwick, the successor claims administrator for the LTD Plan. Sedgwick failed to respond to or process this second appeal.

Applicable Plan Provisions

17. The LTD Plan (SPD) states that the plan may be offset by:

\* \* \*
- *Payments from the Mid-Atlantic Associate Pension Plan or any other Company-sponsored Pension Plan from which you are entitled to receive benefits.*

\* \* \*

*Note: In the event any income from the above identified sources is paid as a lump sum, the lump-sum payment shall reduce the monthly LTD benefit. The reduced LTD benefit*

> *amount will be based on the time period to which the lump sum benefit applies. If there is no time period specified, the lump sum will be converted to a monthly benefit payable over your expected lifetime, as determined by Verizon, and this monthly benefit amount will offset the monthly LTD benefit.*

SPD at 17.

18.  The SPD does not comply with ERISA's requirements for a summary plan description.  29 U.S.C. § 1022(a); 29 C.F.R. § 2520.102-2(b).  VEBC failed to provide to Gallagher with an SPD containing sufficiently accurate and complete information to comply with ERISA and applicable Department of Labor Regulations.

19.  The LTD Plan SPD does not place a participant on notice that a trustee-to-trustee transfer such as an IRA rollover would fall within the ambit of other income for which an offset may be applied to LTD benefits.

20.  Gallagher was thus not on notice that by rolling over her pension assets into an IRA, she would effectively reduce her LTD Plan benefits.

21.  Gallagher was not "paid" a pension benefit by electing to roll her Verizon pension plan balance. She elected a direct trustee-to-trustee transfer, which is governed by 26 U.S.C. §§ 401(a)(31)(A), 402(e)(6), 408(a).  *Blankenship v. Liberty Life Assur. Co. of Bos.*, 486 F.3d 620, 625 (9th Cir. 2007).  Gallagher did not "receive" other income as a result of the rollover which would qualify for an offset.  Defendants thus had no basis to offset her LTD Plan benefits with amounts relating to the rollover.

22.  The Verizon Pension Plan allowed Gallagher to request a direct rollover of her pension assets to a traditional IRA.  The Verizon Pension Plan SPD incorporates the Internal Revenue Code and applicable tax regulations.

23.  The applicable tax rules include IRS Publication 575. Under IRS Publication 575, the traditional IRA (not the employee) "receives" pension funds by direct rollover.

24. Defendants' decision to withhold payment based on past alleged overpayments violated applicable statutes of limitation for a plan's or an insurer's recoupment of overpayments.

25. Sedgwick acted arbitrarily and capriciously and failed to follow the plan's claims procedures by, *inter-alia*, ignoring Gallagher's second (optional) internal appeal.

26. Sedgwick and MetLife acted arbitrarily and capriciously and failed to follow the plan's claims procedures also by, *inter-alia*, ignoring applicable tax rules, including IRS Publication 575.

Legal Application of "Receiving" Benefits

27. In July 2017, the Fifth Circuit Court of Appeals held that a Verizon disability plan beneficiary, Joel Thomason, had not "elected to receive" pension benefits under ERISA when he rolled over assets from his Verizon pension plan to his IRA, and thus the disability plan's invocation of an offset was improper. *Thomason v. Metropolitan Life Ins. Co.*, 703 Fed. App'x 247, 251-252 (5th Cir. 2017).

28. The legal and factual posture of *Thomason* is quite similar to Gallagher's here. The *Thomason* defendants included VEBC and MetLife. The *Thomason* ruling came after MetLife's June 13, 2017, offset letter, and before Gallagher's timely December 19, 2017, appeal of the offset.

29. Gallagher's December 19, 2017, appeal included reference to *Thomason,* which should have been taken into consideration by MetLife when it stated in its January 8, 2018 letter, that it "must administer the Plan as defined above consistently and fairly to all employees covered under it."

30. Defendants have fiduciary obligations to uniformly administer the LTD Plan.

31.     By failing to consider *Thomason* and other relevant precedent in its review of Gallagher's claims, MetLife acted without basis in law or applicable plan documents, acted arbitrarily and capriciously, and abused its discretion.

32.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

<u>**COUNT I - 29 U.S.C. § 1132(a)(1)(b)**</u>
<u>**RECOVERY OF BENEFITS, ENFORCEMENT OF TERMS OF THE PLAN,**</u>
<u>**CLARIFICATION OF RIGHTS FOR FUTURE BENEFITS**</u>

**GALLAGHER**
**v.**
**ALL DEFENDANTS**

33.     The allegations of all preceding paragraphs are incorporated by reference as if fully restated.

34.     The LTD Plan SPD cannot reasonably be interpreted to mean that a trustee-to-trustee transfer (*i.e.*, from a pension plan to a traditional IRA), without the participant actually receiving any taxable income, would constitute a valid offset of LTD benefits.

35.     Alternatively, even if one possible reasonable interpretation of the meaning of the LTD Plan SPD phrase "payments from the Verizon Pension Plan for Mid-Atlantic Associates or any other Company sponsored Pension Plan from which [a participant is] entitled to receive benefits[,]" LTD Plan SPD at pp. 7, could include a trustee-to-trustee transfer, the phrase is at best ambiguous, and thus should be interpreted in favor of the participant.  *See, e.g., Heasley v. Belden & Blake Corp.*, 2 F.3d 1249 (3d Cir. 1993).

36.     The LTD Plan SPD does not clearly and comprehensively describe that a tax-protected direct rollover would be treated as if Gallagher would "receive" them, and in turn offset her LTD benefits.

37. A direct rollover of pension benefits into an IRA, which is allowed by the Verizon Pension Plan and the applicable tax rules, is described in IRS Publication 575 as the assets being received *by the IRA*. As a matter of law, the direct rollover was effected by a "trustee-to-trustee transfer." The funds were never in Gallagher's actual possession, even though she may – at some point in the future – actually receive them as a taxable withdrawal from the IRA.

38. Defendants wrongfully withheld, and continue to withhold, LTD Plan benefits of $321.41 per month because of an erroneous offset for Verizon pension benefits that Gallagher has not actually received. Defendants also wrongfully continue to withhold the remaining $97.44 per month from Gallagher's remaining LTD Plan benefits as an erroneous recoupment of benefits paid out for disability payment months June 2014 through April 2017.

39. Defendants actions were contrary to law and applicable LTD Plan documents, arbitrary and capricious, and an abuse of discretion. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Gallagher is entitled to recover wrongfully withheld benefits (including erroneous recoupment of "overpayments"), enforce the terms of the LTD Plan, and clarify her right to future LTD Plan benefits.

40. Gallagher has been damaged as a proximate result of Defendants' actions.

**WHEREFORE**, Plaintiff asks that the Court:

a) Enter a money judgment against Defendants, in favor of Plaintiff, in the amount of the total benefits wrongly withheld (including erroneous recoupment of "overpayments"), from June 2014 through the date of judgment, plus pre-judgment and post-judgment interest at the maximum rates allowed by law;

b) Declare that Plaintiff has a right to future benefits pursuant to the LTD Plan without any offset based on the amount of pension benefits transferred to any IRA account;

c) Require Defendants to pay Plaintiff's reasonable attorneys' fees and costs incurred in this action;

d) grant such other or further legal relief as may be just, necessary or appropriate.

### COUNT II - 29 U.S.C. § 1132(a)(3)
### SURCHARGE AND OTHER APPROPRIATE EQUITABLE RELIEF

### GALLAGHER
### v.
### VEBC

41. The allegations of all preceding paragraphs are incorporated by reference as if fully restated.

42. VEBC failed to provide to Plaintiff sufficiently accurate and comprehensive information in the LTD Plan and applicable Verizon Pension Plan documents to comply with ERISA and applicable Department of Labor Regulations.  29 U.S.C. § 1022(a); 29 C.F.R. § 2520.102-2(b).

43. Gallagher did not understand (nor would it be reasonable for any participant to understand) the LTD Plan to allow an offset for a trustee-to-trustee transfer such as that at issue in this action.

44. Acting with reasonable reliance on applicable LTD Plan and Verizon Pension Plan documents, Gallagher transferred assets from the Verizon Pension Plan to the Fidelity IRA, with the reasonable belief that there would be no resulting offset to her LTD Plan benefits.

45. Gallagher has been damaged as a result of the VEBC's failure to provide legally sufficient plan information and is entitled to recover (as a surcharge) the resulting monetary damaged in the amount of the withheld LTD benefits (including erroneous recoupment of "overpayments"). *Cigna v. Amara*, 131 S. Ct. 1866 (2011).

**WHEREFORE**, Plaintiff asks that the Court:

a) Enter, as a surcharge, a money judgment against VEBC, in favor of Plaintiff, in the amount of the total benefits wrongly withheld (including erroneous recoupment of "overpayments"), from June 2014 through the date of judgment, plus pre-judgment and post-judgment interest at the maximum rates allowed by law;

b) Declare that Plaintiff has a right to future benefits pursuant to the LTD Plan without any offset based on the amount of pension benefits transferred to any IRA account;

c) Require Defendants to pay Plaintiff's reasonable attorneys' fees and costs incurred in this action;

d) grant such further equitable relief as may be just, necessary or appropriate.

Dated: April 24, 2020    Respectfully submitted,

JENNINGS SIGMOND, P.C.

/s/ James E. Goodley
**JAMES E. GOODLEY (048572013)**

*Attorney for Plaintiff*